U.S. District Court
E. D. California

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LILLY III, ) | 1:10-cv-01666 LJO MJS HC |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING RESPONDENT'S MOTION |
| v. ) | TO DISMISS AND PETITIONER' MOTION |
| ) | TO TRANSFER |
| ) | |
| H.A. RIOS, JR., Warden, ) | (Docs. 12-13) |
| ) | |
| Respondent. ) | |

Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## I.    BACKGROUND

Petitioner is an inmate at United States Penitentiary Atwater (USP Atwater), in Atwater, California. Petitioner properly named H.A. Rios, Jr., USP Atwater's warden as respondent. Petitioner is challenging his 1993 convictions in the United States District Court for the Eastern District of North Carolina under 18 U.S.C. § 924(c)(1) for using and carrying a firearm in relation to a drug-trafficking crime. He claims that his convictions are invalid because they are based on facts that do not constitute a crime in light of the Supreme Court's subsequent decision in Watson v. United States, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007).

1    On November 16, 2010, the Court ordered Respondent to file a response to the

2    Petition. Respondent filed a Motion to Stay the proceeding pending the outcome of other

3    pending litigation filed by Petitioner in the Eastern District of North Carolina. (Mot. to Stay, ECF

4    No. 12.) Petitioner filed an Opposition to the Motion to Stay in which he moves the Court to

5    transfer the instant petition to the Eastern District of North Carolina.

6    **A.    Respondent's Assertions**

7    Respondent's Motion to Stay asserts that five months before filing this petition,

8    Petitioner filed a Petition for Writ of Error Coram Nobis in the Eastern District of North

9    Carolina.  (Mot. to Stay, Ex. A.) As noted by Respondent, Petitioner has alleged essentially

10   the same claims in both his habeas corpus and coram nobis petitions. (Id. at 2.) Respondent

11   asserts that the present petition should be stayed pending resolution of the coram nobis

12   petition as the latter may resolve the issues presented in this petition. Respondent also notes

13   that the resolution of the coram nobis petition may be necessary to determine if Petitioner

14   presents a cognizable claim by way of the 'savings clause' of 28 U.S.C. § 2241 which requires

15   that Petitioner's other remedies be inadequate or ineffective. (Id.)

16   **B.    Petitioner's Assertions**

17   Petitioner requests that the Court deny the Motion to Stay and instead transfer the

18   matter to the Eastern District of North Carolina. Petitioner asserts that the trial court has been

19   reluctant to proceed with the Petition for Writ of Error Coram Nobis because of this petition

20   proceeding in the district of Petitioner's confinement.

21   **II.    ANALYSIS**

22   **A.    Standards for Transfer of a Petition**

23   "For the convenience of parties and witnesses, in the interest of justice, a district court

24   may transfer any civil action to any other district or division where it might have been brought."

25   28 U.S.C. § 1404(a). Sound reasons exist for transferring the 2241 petition to the district of

26   conviction and sentencing. The record is there, and most probably necessary witnesses, if

27   any,  are too. Additionally, that court may have greater flexibility in shaping any new sentence.

28   In re Nwanze, 242 F.3d 521, 527 (3d Cir. 2001); see also United States v. Mata, 133 F.3d 200,

201-02 (2d Cir. 1998). Further, the sentencing court would also have "superior familiarity with the underlying conviction and sentence," Short v. Schultz, No. 08-186, 2008 U.S. Dist. LEXIS 6321, 2008 WL 305594, at *3 (D.N.J. Jan. 28, 2008), and would "know what its intentions would have been if it had been sentencing on the remaining counts without imposing a sentence" on the vacated counts. In re Nwanze, 242 F.3d at 527.

### B.    Overcoming the Territorial-Jurisdiction Rule

Unfortunately, section 1404(a) authorizes transfer only to a district where the petition "might have been brought," and a section 2241 petitioner challenging his present physical custody is limited to filing the petition "in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004). This is the territorial-jurisdiction rule. Id. at 452, 124 S.Ct. at 2727 (Kennedy, J. concurring).[1]

Before Rumsfeld was decided, the territorial-jurisdiction rule led the Third Circuit to seriously doubt that a section 2241 petition could be transferred to the district of sentencing since the petition could not "have been brought" in that district when it had to have been filed in the district of confinement. In re Nwanze, 242 F.3d at 525-26. Consequently, in In re Nwanze the court allowed such a transfer only when it was plausible that the petitioner's claims could be entertained in the district of sentencing in some other way. Id. at 526. In that case, the Third Circuit was satisfied that the district of sentencing (located in the Fourth Circuit) would entertain the claims by way of a petition for a writ of error coram nobis. Id.[2]

However, in Rumsfeld, Justice Kennedy filed a concurring opinion (joined by Justice O'Connor) in which he stated his view that "the proper location of a habeas petition [was] best understood as a question of personal jurisdiction or venue." 542 U.S. at 451, 124 S.Ct. at 2727. As a venue rule, the territorial-jurisdiction rule could be waived by the government. Id. at 452, 124 S.Ct. at 2728.

---

[1] Under the immediate-custodian rule, the petitioner must also name his immediate custodian as the respondent, typically the warden of the prison where he is confined. Rumsfeld, 542 U.S. at 434-35, 124 S.Ct. at 2717-18.

[2] But in the event the sentencing court denied the petition on jurisdictional grounds, the Third Circuit Court of Appeals allowed the petitioner to again seek relief in the district of confinement. 242 F.3d at 527.

1    After Rumsfeld, district courts in the Fourth Circuit (the circuit in which Petitioner was

2 convicted and sentenced) have found it appropriate to construe section 2241 petitions as

3 petitions for writ of error coram nobis and transfer the matter to the court of conviction. See

4 e.g., Neal v. Francis, No. 06CV69, 2008 U.S. Dist. LEXIS 51220 (N.D. W. Va. July 3, 2008);

5 McClain v. Owens, No. 8:09-3285-PMD-BHH, 2010 U.S. Dist. LEXIS 33910 (D.S.C. March 8,

6 2010) (Order adopted and case transferred in McClain v. Owens, 2010 U.S. Dist. LEXIS 33908

7 (D.S.C., Apr. 6, 2010)); Fort v. Deboo, No. 5:08CV6, 2008 U.S. Dist. LEXIS 89581 (N.D. W.

8 Va. Nov. 4, 2008). Specifically, it has been recognized that the district of sentencing can

9 adjudicate a section 2241 petition presenting a Watson claim when the government does not

10 object either on personal-jurisdiction or venue grounds. See Short v. Shultz, No. 08-57, 2008

11 U.S. Dist. LEXIS 37097, 2008 WL 1984262, at *3 (W.D. Va. May 6, 2008), aff'd on other

12 grounds, 298 Fed. Appx. 246 (4th Cir. 2008), cert. denied, 129 S.Ct. 1376, 173 L.Ed.2d 631

13 (2009).[3]

14    Respondent's failure to object to Petitioner's request to transfer the matter shall be

15 considered a waiver of the territorial-jurisdiction rule. With this understanding, it is

16 recommended that the Court grant the request to transfer the present matter to the sentencing

17 court. However, in line with In re Nwanze, 242 F.3d at 527, transfer will be without prejudice

18 to Petitioner's reinstating the action in this Court, or filing a new petition in any new district of

19 confinement, if the sentencing court denies or dismisses the petition for lack of jurisdiction.

20 Further, as Petitioner has already filed a Petition for Writ of Error Coram Nobis in the district

21 of conviction, the matters may require consolidation as they present the same or similar

22 claims.

23 ///

24 ///

25 **III.    CONCLUSION**

26

27    [3]Short had been transferred to the District of West Virginia, the district of sentencing, by the District of New Jersey, the district of confinement, after the latter court concluded in line with In re Nwanze, 242 F.3d 521, that Fourth Circuit law authorized the District of West Virginia to entertain the petition as one for coram nobis relief. Short v. Shultz, 2008 U.S. Dist. LEXIS 6321.

28

1       For the reasons set forth above, the Court recommends that Respondent's motion to

2  stay be denied and this matter be transferred to the United States District Court for the Eastern

3  District of North Carolina.

4  **IV.**    **RECOMMENDATION**

5       Accordingly, the Court HEREBY RECOMMENDS that Respondent's Motion to Stay be

6  DENIED and the petition be TRANSFERRED to the United States District Court for the

7  Eastern District of North Carolina.

8       This Findings and Recommendation is submitted to the assigned United States District

9  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

10 Local Rules of Practice for the United States District Court, Eastern District of California.

11 Within thirty (30) days after the date of service of this Findings and Recommendation, any

12 party may file written objections with the Court and serve a copy on all parties.  Such a

13 document should be captioned "Objections to Magistrate Judge's Findings and

14 Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)

15 days after service of the Objections. The Finding and Recommendation will then be submitted

16 to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

17 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may

18 waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th

19 Cir. 1991).

20

21

22

23 IT IS SO ORDERED.

24 Dated:    June 14, 2011        /s/ *Michael J. Seng*
                        UNITED STATES MAGISTRATE JUDGE

25

26

27

28