IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2163-BO

| | | |
|---|---|---|
| GEORGE LILLY, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| H.A. RIOS, JR., | ) | |
|     Respondent. | ) | |

George Lilly, III, petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D.E. 1] The matter was originally filed in the United States District Court for the Eastern District of California. [D.E. 1-17] That district court transferred the matter to this district court given that George Lilly, III, was sentenced here and has a petition for Writ of Error Coram Nobis pending before the sentencing court. United States of America v. Lilly, 3:92-CR-35-H-5 and D.E. 14, Transfer Order. The issues in this petition and the Writ of Error Coram Nobis are essentially the same according to the transferring court order, petitioner, respondent's brief to stay the matter in the Eastern District of California, and respondent's brief to dismiss the matter pursuant to Fed. R. Civ. P. 12(b)(6). [D.E. 1, D.E. 13, D.E. 14, D.E. 20] Petitioner has not responded to the motion to dismiss now before the court.

"Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." Cottle v. Bell, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14,

2000) (per curiam) (unpublished) (citations omitted); see I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases).

As noted by petitioner, respondent, and the transferring court, the issues are "essentially the same." In both cases Lilly challenges his 1993 convictions for violating 18 U.S.C. §§ 924(c)(1) and (2) as invalid based on the Supreme Court decisions of Watson v. United States, 552 U.S. 74 (2007), and Bailey v. United States, 516 U.S. 137 (1995), and he seeks the same relief. See Pet. D.E. 1 and United States of America v. Lilly, 3:92-cr-00035-H-5, D.E. 95 Thus, dismissal of this petition without prejudice is appropriate. See, e.g., Harrison v. South Carolina, 126 F. App'x 100, 101 (4th Cir. 2005) (per curiam) (unpublished); Clay v. Murray, Nos. 91-6564, 91-6566, 1991 WL 127599, at *2 (4th Cir. Aug. 14, 1991) (per curiam) (unpublished); Powell v. Warden, Madison Corr. Inst., No. 1:11-cv-162, 2011 WL 2848331, at *1–2 (S.D. Ohio June 22, 2011) (unpublished); Randolph v. Warden, Leath Corr. Inst., C.A. No. 0:09-2928-PMD, 2010 WL 234901, at *1 (D.S.C. Jan. 19, 2010) (unpublished); Crowe v. S.C. Dep't of Corrs./Classification, C/A No. 4:08-2551-CMC-TER, 2008 WL 4924805, at *3 (D.S.C. Nov. 13, 2008) (unpublished).

In light of the applicable standard, reasonable jurists would not find the court's treatment of any of Lilly's claims debatable or wrong. Thus, none of the issues deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court DISMISSES as duplicative and without prejudice petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 and thereby GRANTS the motion

2

to dismiss [D.E. 20]. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED, this 26 day of June 2012.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE